IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**STANLEY JOEL HUBBARD, #K2298**                                                       **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO.  4:10-cv-91-HTW-LRA**

**EMCF, et al.**                                                                                **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, an inmate of the Mississippi Department of Corrections, filed a complaint pursuant to Title 42 U.S.C. § 1983 and requested *in forma pauperis* status. On September 17, 2010, the Plaintiff filed an unsigned Response [15] and a change of address. On September 20, 2010, this Court entered an Order [16] directing the Plaintiff to sign his Response [15] and return it to the court on or before October 11, 2010. However, when the Plaintiff's address was changed the incorrect zip code was listed on the Court's docket, therefore the Order [16] was returned by the postal service as undeliverable. On November 1, 2010, an Order [18] was entered which corrected the Plaintiff's address on the Court docket and directed the Clerk to mail a copy of the Order [16] of September 20, 2010, to the Plaintiff at his updated address. The November 1, 2010 Order [18] also directed Plaintiff to file his signed Response [15] no later than November 21, 2010. The Plaintiff was warned that failure to timely comply with the requirements of the Order or failure to keep this Court informed of his current address may lead to the dismissal of his case. The Plaintiff did not file his signed Response [15], thereby failing to comply with the Court's Order [18] of November 1, 2010.

On December 8, 2010, an order [19] was entered directing the Plaintiff to show cause,

on or before December 23, 2010, why this case should not be dismissed for his failure to comply with the Court's September 17, 2010 order.  In addition, Plaintiff was directed to comply with the Court's order by filing his signed written response on or before December 23, 2010.  The show cause order [19] warned Plaintiff that failure to timely comply with the requirements of the order would lead to the dismissal of his complaint, without further notice.  Plaintiff did not comply with the show cause order.

On January 27, 2011, a final show cause order [21] was entered directing Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's orders of November 1, 2010, and December 8, 2010.  Plaintiff was directed to comply with the Court's final show cause order, on or before February 10, 2011.  The Plaintiff was also warned in this final show cause order that failure to keep this Court informed of his current address or failure to comply with the requirements of the order by February 10, 2011, would result in the dismissal of his case.  Plaintiff did not comply with the final show cause order.

Plaintiff has failed to comply with three court orders and he has not contacted this Court since September 17, 2010.  This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See generally, Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.

*Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. *See Rice v. Doe*, 306 Fed. App'x 144 (5th Cir. 2009). Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED, this the 28th day of February, 2011.

                                **s/ HENRY T. WINGATE**
                                **UNITED STATES DISTRICT JUDGE**